```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :
                                                            :   19 Cr. 679 (LGS)
                      -against-                             :
                                                            :   ORDER
   SAMUEL SAUNDERS,                                         :
                                          Defendant,        :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

**Factual Background**

  WHEREAS, on May 7, 2021, after a jury trial, Defendant was convicted of possessing ammunition after having been convicted of a crime punishable by a term of imprisonment exceeding one year in connection with a shooting that took place in the Bronx on July 19, 2019. *See* 18 U.S.C. § 922(g)(1).

  WHEREAS, Defense counsel made a motion at trial, prior to the verdict, for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, and the court reserved decision on that motion.

  WHEREAS, Defendant's trial counsel did not move for a new trial under Rule 33.

  WHEREAS, at Defendant's request, new counsel was appointed for sentencing.

  WHEREAS, on or about February 14, 2022, the court received a letter from Defendant himself requesting an opportunity to file pro se post-trial motions under Rules 29 and 33.  On February 15, 2022, the application was denied as untimely.  The order was in error as the Rule 29 motion had been timely made.  The Court nevertheless directed the Government to file a letter addressing the merits of post-trial motions, which the Government filed on February 25, 2022,

and directed defense counsel to confirm that any post-trial motion would not be based on newly discovered evidence.

WHEREAS, on February 28, 2022, prior to sentencing, defense counsel confirmed that any post-trial motion would not be based on newly discovered evidence and that there was no newly discovered evidence to warrant a Rule 33 motion.

**Applicable Law**

WHEREAS, Rule 29 requires a defendant to show that "the evidence that the defendant committed the crime alleged is nonexistent or so meager that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jones*, 965 F.3d 190, 193-94 (2d Cir. 2020). "[W]here 'either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.'" *United States v. Jabar*, 19 F.4th 66, 76 (2d Cir. 2021) (quoting *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999)). "[A] defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021) (internal quotation marks omitted). The reviewing court is required to "'view the evidence presented in the light most favorable to the government[,]' and '[a]ll permissible inferences must be drawn in the government's favor.'" *Id*. (quoting *Guadagna*, 183 F.3d at 129). "Moreover, the evidence must be viewed in its totality, as each fact may gain color from others, and the Government need not negate every theory of innocence." *Id*. (internal quotation marks and citations omitted).

WHEREAS, under Rule 33, a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In evaluating a Rule 33 motion, the court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation, keeping in mind that the ultimate test for such a motion is whether

letting a guilty verdict stand would be a manifest injustice." *Landesman*, 17 F.4th at 330 (internal quotation marks omitted).  While the court "has broader discretion to grant a new trial pursuant to Rule 33 than to grant a motion for a judgment of acquittal . . . that discretion should be exercised sparingly and only in the most extraordinary circumstances." *Id.* (internal quotation marks omitted).  A Rule 33 motion must be filed within fourteen days after the verdict, unless the reason for the motion is newly discovered evidence.  Fed. R. Crim. P. 33(b)(2).

**Sufficiency of the Evidence at Trial**

WHEREAS, the defense at trial centered on the sufficiency of the Government's proof that Defendant was the shooter depicted on surveillance video of the shooting on July 19, 2019.

WHEREAS, the evidence the Government presented at trial that Defendant was the shooter was overwhelming, including two surveillance videos and phone records.  On the night of the shooting, surveillance footage showed Defendant leaving his apartment wearing a white shirt, jeans with a distinctive patch on the front right pocket, black shoes, a key chain on his back-right pocket, a phone holster on his back-right waistband and holding a gray towel.  The shooter, as captured in surveillance footage, was wearing a white shirt, jeans with a distinctive patch on the front right pocket, black shoes, a key chain swinging from his back-right pocket, and had a gray towel on his shoulder.  The shooter's body type and distinctive hair also resembled Defendant's.  Defendant was wearing jeans with the same distinctive patch during his post-arrest interview.  In addition to the surveillance videos, phone records showed that Defendant made approximately nine calls in the fifteen minutes after the shooting and no calls during the time he was traveling to the location where the shooting took place.  Phone records show that Defendant spoke to the victim in the days after the shooting and gave instructions on a call to tell an unspecified woman

to "do something" with a "t-shirt" and to not "leave it around." After some time passed, the person on the phone informed Defendant that "she already did it and it's gone."

WHEREAS, based on this evidence a reasonable jury could, and did, conclude that the Government had shown beyond a reasonable doubt that Defendant was the shooter from the totality of evidence, and it cannot be said that letting the verdict stand would result in any miscarriage of justice. It is hereby

**ORDERED** that, for the foregoing reasons, the motion for a judgment of acquittal is **DENIED**, and if a motion for a new trial had been made, it too would have been **DENIED**.

Dated: February 28, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE